United States District Court
Southern District of Texas
**ENTERED**
February 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: LOCKWOOD HOLDINGS INC, Debtor. | § § § § | CIVIL ACTION NO 4:21-cv-00456 |
| MICHAEL LOCKWOOD, Appellant, vs. GLASSRATNER ADVISORY & CAPITAL GROUP LLC and MARK SHAPIRO, Appellees. | § § § § § § § § § § § § § | JUDGE CHARLES ESKRIDGE |

OPINION AND ORDER
AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

Appellant Michael Lockwood appeals from orders of the United States Bankruptcy Court enforcing a confirmation order and denying a motion to strike items from the record on appeal. Dkt 1-1 & ROA at 1189.

The decision of the bankruptcy court is affirmed.

1. Background

Lockwood Holdings Inc and two of its affiliates filed a chapter 11 petition on January 18, 2018. Four other affiliates then filed on January 24, 2018. Dkt 31 at 15–16. These entities are referred to together as *the Lockwood Entities.*

The bankruptcy court entered an order for joint administration of those proceedings on January 25, 2018. ROA at 756–94. The Lockwood Entities retained Appellee GlassRatner Advisory & Capital Group LLC to provide

them with a chief restructuring officer. GlassRatner in turn provided Appellee Mark Shapiro to serve in that capacity. ROA at 227–33.

Pre-petition, Appellant Michael Lockwood was the sole shareholder, CEO, and creditor for each of the Lockwood Entities. Dkt 27 at 13. He participated in all proceedings in this regard, appearing either with counsel or *pro se*. For example, see ROA 9, 21, 712, 949; see also Dkt 31 at 16.

The chapter 11 plan was filed in December 2018, entered in February 2019, and became effective in June 2019. ROA at 800–29, 910–11. The confirmed plan contained several release provisions along with an injunction and an exculpation clause. See ROA at 764, 787–789, 827–28. GlassRatner and Shapiro are included in the list of exculpated parties. ROA at 764. The record establishes that Lockwood knew these clauses were in the plan. See ROA at 795–99, 889–90.

On January 7, 2021, Lockwood filed a petition in the 55th Judicial District Court of Harris County, asserting a negligence claim against Shapiro for failure to adequately and accurately disclose conflicts of interest. ROA at 972–77. On February 1, 2021, he then amended his complaint and added another four defendants—GlassRatner, B Riley Financial, Inc, Wells Fargo Bank, NA, and Trustmark National Bank—along with allegations of joint liability. ROA at 996–1009.

On January 31, 2021, Shapiro filed an emergency motion in the bankruptcy court to enforce the confirmation order. ROA at 948–69. The bankruptcy court heard argument on February 4, 2021. ROA at 1136–71. It then granted the motion, finding that Lockwood's state-court claims were derivative as to the bankruptcy estate, and that he violated the confirmed chapter 11 plan. ROA at 1167–69. The bankruptcy court required Lockwood to dismiss that action with prejudice within forty-eight hours. ROA at 1172–73.

Lockwood appealed and designated certain items to the record on appeal. ROA at 1179–81. Appellees Shapiro and

2

GlassRatner designated additional items. ROA at 1182–88. Lockwood moved to strike all items designated by Appellees that weren't admitted into evidence at the February 4th hearing, contending that they were inappropriately designated. ROA at 1182–1188; Dkt 27 at 20–27. The contested designations included various pleadings, orders, and transcripts of the bankruptcy proceedings. The bankruptcy court denied this motion, and Appellees' designations became part of the record on appeal. ROA at 1189.

    2. Legal standard

A district court functions as an appellate court when reviewing the decision of a bankruptcy court as to a core proceeding, which means that it applies the same standard of review as would a federal appellate court. See *In re Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). Findings of fact are thus reviewed for clear error, while conclusions of law are reviewed *de novo*. *In re Seven Seas Petroleum Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Fed R Bankr P 8013. But matters within the discretion of a bankruptcy court are reviewed only for abuse of discretion. *In re Gandy*, 299 F3d 489, 494 (5th Cir 2002).

On review of a bankruptcy court's conclusions of law, the district court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon" by the bankruptcy court. *In re Green Hills Development Co*, 741 F3d 651, 656 & n 17 (5th Cir 2014) (citations omitted).

    3. Analysis

Lockwood purports to assert seven issues on appeal:

- *First*, the bankruptcy court erred in denying his motion to strike;
- *Second*, the bankruptcy court erred by entering the enforcement order without commencing an adversary proceeding;
- *Third*, even assuming that commencement of an adversary proceeding wasn't required, the

> bankruptcy court erred by entering the order absent sufficient evidence;
> - *Fourth*, entry of that order violated 28 USC §2283;
> - *Fifth*, the bankruptcy court erred by granting relief that wasn't requested;
> - *Sixth*, the bankruptcy court erred in finding that his state court claims were barred by the confirmation order.
> - *Seventh,* the bankruptcy court erred by finding that Appellant lacked standing to assert his claims in state court.

ROA at 1180.

Appellees note that, although Lockwood listed these seven issues on appeal, he didn't brief numbers five and seven. Compare Dkt 27 at 11–13, with ROA at 1179–81; see also Dkt 31 at 12. Issues not briefed are on appeal waived. For example, see *Adams v Unione Mediterranea Di Sicurta*, 364 F3d 646, 653 (5th Cir 2004) (citations omitted). Relief on issues five and seven is thus denied.

    a.   Inclusion of record items

Lockwood argues that the bankruptcy court improperly denied his motion to strike documents from the record on appeal that weren't admitted into evidence at the hearing on February 4th. Dkt 27 at 19–27.

Rule 8009 of the Federal Rules of Bankruptcy Procedure governs designations to a bankruptcy record on appeal. It provides that the bankruptcy court resolves disputes over designation of items to the record on appeal—not the district court to which an appeal is assigned. See also *In re Digerati Technologies, Inc*, 531 BR 654, 660 (Bankr SD Tex 2015). Rule 8009 thus vests a bankruptcy court "with discretion to strike items from a party's designation of the record." *In re Blankenship*, 2019 WL 7602323, *4 (Bankr WD Tenn). The appropriate standard of review, then, is abuse of discretion. *In re Gandy*, 299 F3d at 494.

4

Nothing new was admitted into evidence at the February 4th hearing. The bankruptcy court instead took judicial notice of the existence of Lockwood's state court petition and amended petition, along with its own prior orders. See ROA at 157 (hearing minutes) & 1165–67 (transcript).

Lockwood requests that this Court strike certain designations because those documents weren't admitted into evidence at the February 4th hearing. Dkt 27 at 20. All but two of the designations Lockwood contests were entered in the bankruptcy court's docket before the February 4th hearing. Id at 19–27. Designations 21 and 22 (a certificate and supplement by Lockwood) were entered into the bankruptcy court's docket on February 6th and 9th, respectively. Id at 26–27. The bankruptcy court later ruled to include all of the designations in the record on appeal because they were part of the bankruptcy court's record, they pertained to the issues on appeal, and they provided context to the underlying bankruptcy court proceedings. ROA at1189.

The items designated to the record by Appellees were part of the bankruptcy court's own docket and record. It simply can't be said that it's improper for the entire record to be reviewed in this circumstance. See *In re Mirant Corp*, 354 BR 113, 120 n 4 (Bankr ND Tex 2006), affirmed 308 F Appx 824 (5th Cir 2009) (finding it appropriate in contested matter for court to look to entire record of case); see also *In re Indian Palms Associates, Ltd*, 61 F3d 197, 203 (3d Cir 2005) (affirming order denying motion to strike because documents in bankruptcy case record were part of relevant record in contested matter).

Lockwood contends that the Federal Rules of Bankruptcy Procedure don't allow "items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." Dkt 27 at 19. He cites the Fifth Circuit decision of *In re SI Restructuring Inc*, 480 Fed Appx 327 (5th Cir 2012). It isn't on point. The Fifth Circuit there affirmed an order striking designated items that weren't admitted as evidence before the bankruptcy

5

court, where (i) the items had been filed in a *different* case before a *different* court, and (ii) the bankruptcy court had *declined* to take judicial notice of them. Id at 328–29. That ruling simply doesn't bear on whether the items in the record for the *same* case from which the appeal arose can be added to a record on appeal.

What's more, Lockwood himself designated the "Bankruptcy Court Docket"—but without designating the documents contained on that docket. ROA at 1179. It isn't unreasonable to conclude that reference to the bankruptcy court's docket sheet may properly include the documents themselves.

The denial of the motion to strike wasn't an abuse of discretion.

### b. Lack of adversary proceeding

Lockwood contends that the bankruptcy court erred by ordering him to dismiss his state court action without first commencing an adversary proceeding. Dkt 27 at 27–31. Whether an adversary proceeding should have been commenced is reviewed for clear error as to factual findings and *de novo* as to legal conclusions. *In re Applewood Chair Co*, 203 F3d 914, 917–18 (5th Cir 2000).

Bankruptcy Rule 7001(7) requires commencement of an adversary proceeding to obtain injunctive relief "except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief." But motion practice—not the commencement of an adversary proceeding—is the proper mechanism by which to obtain compliance with an injunction contained in a chapter 11 plan that's already in effect. See *Local Loan Co v Hunt*, 292 US 234, 239 (1934).

It's likewise clear that a bankruptcy court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indemnity Co v Bailey*, 557 US 137, 151 (2009) (citation omitted). Such jurisdiction is "always retain[ed]" during administration of a bankruptcy estate. *In re Rodriguez*, 2001 WL 360713, *2 (5th Cir, *per curiam*) (citations omitted). No independent basis of jurisdiction is required for either interpretation or enforcement of those

6

prior orders. See *Local Loan Co,* 292 US at 239; see also *In re Baker*, 593 F Appx 416, 417 (5th Cir 2015, *per curiam*) (citation omitted).

That's the situation here. On prior hearing regarding Lockwood's motion to stay the bankruptcy court enforcement order pending this appeal, this Court determined that, because Lockwood's chapter 11 plan contained an injunction, no adversary proceeding was necessary for enforcement of that injunction. Dkt 13 at 89:1–7 (transcript of 04/05/2021). It was also determined there that the bankruptcy court possessed jurisdiction to interpret and enforce its prior orders. Id at 89:8–18; see also 11 USC §105(a).

At base, because an injunction was sought to enforce a preexisting injunction, no adversary proceeding was required. The bankruptcy court properly proceeded via motion practice.

c. Sufficiency of evidence

Lockwood contends that the bankruptcy court issued its ruling without evidence (or without sufficient evidence) because no witnesses were called, no exhibits were entered into evidence, and it only took judicial notice of the existence of the state court petitions. Dkt 27 at 31.

Because the bankruptcy court was interpreting its own order when ruling on the enforcement motion, review of its decision is for abuse of discretion. *In re O'Connor*, 258 F3d 392, 400 (5th Cir 2001). Factual findings are reviewed for clear error. *In re Seven Seas Petroleum Inc*, 522 F3d at 583.

Lockwood does correctly note that the burden a movant must carry to show entitlement to an injunction is high. Dkt 27 at 31. But that burden concerns the issuance of an injunction *in the first instance*—not as to enforcement of an injunction *already entered*. The confirmed plan put an injunction in place prior to Lockwood's initiation of his state court proceedings. There simply wasn't any need for Appellees to establish at hearing that an injunction was warranted—only that it was violated. This is because "the validity and terms of an injunction" aren't ordinarily under

7

review in later enforcement proceedings. See *G & C Merriam Co v Webster Dictionary Co, Inc,* 639 F2d 29, 34 (1st Cir 1980). Lockwood cites no authority to the contrary.

Beyond this, and as already noted, a bankruptcy court without question has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indemnity Co*, 557 US at 151. Likewise, a bankruptcy court "may take judicial notice of the record in prior related proceedings" and "draw reasonable inferences therefrom." *In re Matter of Missionary Baptist Foundation of America Inc*, 712 F2d 206, 211 (5th Cir 1983) (citations omitted). The bankruptcy court did just that, comparing its own injunction to the newly initiated state-court action, and then ordering Lockwood to comply with the injunction by dismissing his state court action.

The bankruptcy court relied on sufficient evidence to enforce its prior order.

### d. Anti-Injunction Act

Lockwood notes that the bankruptcy court issued a "mandatory injunction" that required "the dismissal of a state court petition" and argues that this "is in effect an end-run around the anti-injunction statute." Dkt 27 at 32.

The Anti-Injunction Act, codified at 28 USC §2283, provides, "A court of the United States may not grant an injunction to stay proceedings in a State court." Review of the bankruptcy court's legal determination as to applicable federal law is reviewed *de novo. United States v Billingsley*, 615 F3d 404, 409 (5th Cir 2010).

In the first place, Lockwood proceeds from the mistaken premise that the bankruptcy court enjoined a state court. It didn't. The bankruptcy court specifically addressed this argument and clarified that it was instead "direct[ing] the activities of the litigants" in order to enforce its own injunction. ROA at 1140. Mandatory orders compelling obedience to prior orders don't violate the Anti-Injunction Act, even if they implicate what action may (or may not) continue in state court. For example, see *Hill v Washburne,* 953 F3d 296, 308 (5th Cir 2020), citing

*Dombrowski v Pfister,* 380 US 479, 485 n 2 (1965) (holding that Anti-Injunction Act didn't prohibit federal court from ordering litigant to withdraw his state court action where prior settlement agreement prohibited such state court action).

Regardless, the Anti-Injunction Act contains an exception permitting an injunction "where necessary in aid of [a court's] jurisdiction, or to protect or effectuate [a court's] judgments." 28 USC §2283. The Fifth Circuit holds that §105 of Bankruptcy Code, 11 USC §105, "is an 'expressly authorized' exception to the Anti-Injunction Act." *In re Fussell*, 928 F2d 712, 716 (5th Cir 1991) (citations omitted).

The bankruptcy court had authority to enforce its injunction by ordering Lockwood to dismiss his state court claims. No violation of the Anti-Injunction Act occurred.

e. Barring of state-law claims

Lockwood's final argument is that the bankruptcy court erred by finding that the claims he asserted in his state court petition were barred by the confirmation plan. Dkts 27 at 34–40 & 35 at 10–12.

To the extent that the bankruptcy court was interpreting its own orders, review is for abuse of discretion. *In re O'Connor*, 258 F3d 392, 401 (5th Cir 2001). But review is for clear error as to any related factual findings. *In re Seven Seas Petroleum Inc*, 522 F3d at 583.

A confirmation order constitutes final judgment as to any conduct alleged to have occurred prior to its effective date. *United Student Aid Funds Inc v Espinosa*, 559 US 260, 264 (2010). Indeed, the Fifth Circuit instructs that, upon confirmation, a plan has *res judicata* effect, meaning that it is "binding upon all parties" and "all questions that should have been raised pertaining" to it. *Matter of Howe*, 913 F2d 1138, 1143 (5th Cir 1990). Several provisions in both the final plan and the confirmation order bear emphasis in this regard.

The plan contains a broad and general release of "all Estate claims and Causes of Action accruing pursuant to

9

11 USC §5476(a) against Non-Insiders." ROA at 788. It also contains a more particular release of "any and all" claims "against any of the Exculpated Parties, Wells Fargo Equipment Finance, Inc, Wells Fargo Securities, LLC, and each of their respective present or former members, managers, officers, directors, employees, partners, principals, predecessors, successors and assigns, affiliates, funds, advisors, attorneys, agents and representatives and their respective property." The list of exculpated parties includes Shapiro and GlassRatner. ROA at 788, 1155.

The confirmation order clarifies the reach of any such exculpation in certain, limited respects. In particular, it states, "Notwithstanding anything to the contrary contained in this Plan, this section 11.2 shall not exculpate any party of any liability based upon gross negligence or willful misconduct," and that "nothing in this Order or in the Plan shall constitute or effect a release of any direct claims held by Michael F. Lockwood." ROA at 828.

The plan also contains an injunction. It provides in pertinent part that "all Persons or entities who have held, hold, or may hold Claims against or Equity Interests in any Debtor are permanently enjoined, from and after the Effective Date, from . . . commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against the Estates, the Creditor Trust or other entity released, discharged or exculpated hereunder . . . ." ROA at 788.

These provisions of the confirmed plan and the confirmation order were and are binding upon Lockwood. And it is factually correct, as found by the bankruptcy court, that Lockwood was aware of the injunction and release of claims in the plan, as he participated in the bankruptcy process every step of the way. See ROA at 795–99, 889–90, 1168.

In his amended petition in state court, Lockwood purports to bring direct claims of willful misconduct and gross negligence against GlassRatner and Shapiro for their failure to make disclosures about materially adverse relationships that they allegedly held at the time of

Shapiro's appointment as chief restructuring officer. ROA 1001. As articulated by Lockwood, Shapiro and Glass-Ratner had a duty not only to the Lockwood Entities, but also to Lockwood himself "separately . . . in his capacity as an obligor to Wells Fargo and Trustmark under a personal guaranty of the Lockwood Entities debt," as he was the sole shareholder of the Lockwood Entities. ROA at 1005. He also alleges that Wells Fargo, B Riley Financial, and Trustmark should be found to be jointly liable for failure to disclose and for assisting in the grossly negligent acts and willful misconduct. ROA at 1007–08. Finally, he alleges that the gross negligence and willful misconduct of these defendants resulted in financial harm to him because he was the sole shareholder of the Lockwood Entities, and he personally guaranteed its debt. ROA at 1005–1008.

Lockwood also argued before the bankruptcy court that, because he was guarantor of the Lockwood Entities, the actions taken by the defendants caused him damage on that guarantee. He thus contends that he had his own separate claims because damages flow directly to him—even if the estate has a claim. ROA at 1142–43, 1150–51.

The bankruptcy court disagreed, concluding as follows:
> What Mr. Lockwood is complaining about is a perceived loss in the value of the Debtor. He all but says that multiple times. That is not a direct claim. That is a derivative claim. That is the actions of a professional caused the enterprise to be worth less than if the right job had been done. That's a derivative claim. That claim is not owned by Mr. Lockwood, he can't bring it.

ROA at 1146–47.

Such reasoning was correct. The Fifth Circuit in *Matter of Buccaneer Resources, LLC* explained the difference between *direct* and *derivative* claims as follows:
> If the harm to the creditor comes about only because of harm to the debtor, then

11

> its injury is derivative, and the claim is property of the estate. In that situation, only the bankruptcy trustee has standing to pursue the claim for the estate so that all creditors will share in any recovery.
>
> . . .
>
> As for direct-injury claims that belong to a particular creditor or group of creditors, the simple case is when the claim does not involve harm to the debtor. These cannot be part of the estate. But even when the conduct harms the debtor, the creditor may also have a claim if its asserted injury does not flow from injury to the debtor. . . . To pursue a claim on its own behalf, a creditor must show this direct injury is not dependent on injury to the estate.

912 F3d 291, 293–94 (5th Cir 2019), citing *In re Seven Seas Petroleum, Inc,* 522 F3d 575, 584–85 (5th Cir 2008).

The problem for Lockwood is that the harm he articulates is, in the first instance, harm to the Lockwood Entities—and only then to him because he was the sole shareholder and personal guarantor of the debt. Properly understood, then, any harm to Lockwood "comes about *only* because of harm to the debtor," being the Lockwood Entities. *Matter of Buccaneer Resources, LLC*, 912 F3d at 293 (emphasis added). Said differently (with necessary usage of a double negative), Lockwood cannot show that his injury is not dependent on the injury to the estate. Id at 294. The asserted claims are thus derivative, which in turn means that it's irrelevant whether Lockwood pleaded gross negligence and willful misconduct. His claims don't fall under the exculpation clause for the very reason that they aren't direct claims. ROA at 827–28.

In short, the bankruptcy court properly found Lockwood's state-law claims to be derivative—not direct. This supports the follow-on reasoning that Lockwood pursued derivative claims in state court, which weren't his

to pursue. The bankruptcy court thus properly determined that the state-court claims asserted by Lockwood, as guarantor, were by the express terms of the chapter 11 plan and confirmation order discharged, exculpated, released, and enjoined. ROA at 1146–47; compare ROA at 764, 787–789, 827–28 (confirmation order), with ROA at 996–1009 (Lockwood's state court petition).

Appellees also raise an argument that Lockwood lacks standing to sue estate professionals because the estate professionals only owed duties to the Lockwood Entities as the debtors, not to Lockwood himself. Dkt 31 at 39. The Fifth Circuit hasn't addressed whether the duties of estate professionals (such as those of a chief restructuring officer, as here) extend to a guarantor of the debtor. In light of the above determination, this issue needn't be reached.

The bankruptcy court didn't abuse its discretion in construing and enforcing its own prior orders.

4. Conclusion

The issues brought in this appeal by Michael L. Lockwood have been fully considered on review of the record in light of governing authority.

The orders of the bankruptcy court from which Appellant Michael Lockwood appeals are AFFIRMED.

SO ORDERED.

Signed on February 22, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge